UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DONALD W. LOVEJOY<br>JOANNE M. LOVEJOY | : | |
| VS. | : | C.A. No. 08-32ML |
| OPTION ONE MORTGAGE CORPORATION, President Bob Dubrish, LAW OFFICES OF NICHOLAS BARRETT & ASSOCIATES, DEUTSCHE BANK NATIONAL TRUST As TRUSTEE FOR ASSET SECURITIZATION CORPORATION | : | |

THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT FOR THIS COURT'S LACK OF JURISDICTION OVER ITS SUBJECT MATTER, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

The Defendants, Option One Mortgage Corporation, President Bob Dubrish, the Law Offices of Nicholas Barrett & Associates, and Deutsche Bank National Trust, as Trustee for Asset Securitization Corporation (collectively "Defendants") hereby move the Court for an Order dismissing the Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Procedure because this Court lacks subject matter jurisdiction over the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the Plaintiffs' failure to state a claim upon which relief can be granted and pursuant to Rule 12(b)(7) for the Plaintiffs' failure to join persons needed for the just adjudication of the Plaintiffs' complaint, including but not limited to the Securities and Exchange Commission.

In the alternative, the Defendants hereby move the Court for an Order requiring the Plaintiffs to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure in light of the fact that the Plaintiffs' complaint is so vague and ambiguous that the Defendants cannot reasonably prepare a response to it.

In support of this motion, the Defendants respectfully refer the Court to their memorandum of law filed contemporaneously with this motion.

Defendants,
By their attorneys
CARROLL, KELLY & MURPHY

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
Fax(401) 331-4404
pbuckley@ckmlaw.com

CERTIFICATION

I hereby certify that a true copy of the within document was mailed to **Donald W. Lovejoy, Pro Se,** 94 Sinclair Avenue, Cranston, RI 02907 and **Joanne M. Lovejoy, Pro Se,** 94 Sinclair Avenue, Cranston, RI 02907 on March 13, 2008.

/s/Patricia A. Buckley

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DONALD W. LOVEJOY<br>JOANNE M. LOVEJOY | : | |
| VS. | : | C.A. No. 08-32ML |
| OPTION ONE MORTGAGE CORPORATION, President Bob Dubrish, LAW OFFICES OF NICHOLAS BARRETT & ASSOCIATES, DEUTSCHE BANK NATIONAL TRUST As TRUSTEE FOR ASSET SECURITIZATION CORPORATION | : | |

THE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT FOR THIS COURT'S LACK OF JURISDICTION OVER ITS SUBJECT MATTER, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR, IN THE ALTERNATIVE, THE DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

## I. FACTS

The Plaintiffs, Donald W. Lovejoy and Joanne M. Lovejoy (collectively "Plaintiffs") filed the pro se complaint that forms the basis of this matter in January of 2008. The Defendants in this action are Option One Mortgage Corporation, President Bob Dubrish, the Law Offices of Nicholas Barrett & Associates and Deutsche Bank National Trust as Trustee for Asset Securitization Corporation (collectively "Defendants"). The complaint consists of fourteen counts penned over thirty-three pages in a stream of consciousness style, making it extremely difficult to understand what causes of action the Plaintiffs' are advancing in this matter. *Complaint, Ex. A.* The Plaintiffs' claims appear to stem from a forclosure that occurred on property they formerly owned, may now occupy and may be the subject of an eviction action against them. However, the Plaintiffs have not provided a property address in their complaint. The Plaintiffs complaint can be summarized as follows:

**A. <u>Claims Concerning the "Financial Industry Practice"</u>**

Counts I through X of the Plaintiffs complaint are prefaced by the overarching title that indicates that those counts pertain to the Plaintiffs' claim for declaratory judgment regarding the "financial industry practice." *Ex. A at 8.*[1] The Plaintiffs make their claim for declaratory judgment pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202, arguing that there is an actual case and controversy within the jurisdiction of the Court as against the Defendants. However, instead of then delineating a specific claim against the Defendants, the Plaintiffs lash out against the "financial industry" in general. These first ten counts fail to set forth any cognizable theory of recovery against the Defendants and provide no substantive claims upon which this Court may apply the procedural remedies available under a declaratory judgment action. The counts are:

**1.** Count I asks this Court to declare that "it is a common, if not a universal, custom, practice, and/or policy in the financial industry" that a bank never loans its own money, instead arranging for transfers of money from other sources and that the practice is somehow misleading. *Ex. A at 9.*

**2.** Count II asks the Court to declare that the Defendants do not have and can't prove they were given a loan as defined in Black's Law Dictionary without providing any cause of action that they seek to advance against the Defendants for which the declaration is sought and without providing any facts upon which the Defendants can garner any notice as to what the Plaintiffs claim specifically. *Ex. A at 9.*

**3.** The Plaintiffs seek a declaration in Count III that "the law of mortgage lending and foreclosure has never been reconciled with this financial industry reality…" and that they "are out of synch, uncoordinated and are in fact mutually incompatible with each other…" *Ex. A. at 9-10.*

[1] References to the Complaint will be noted as Ex. A followed by the page number as follows, Ex. A at ____.

**4.** Count IV seeks a declaration that "as a matter of financial industry custom, practice, and/or policy for Banks or Financial Lending Institutions such as Option One…" sell mortgage notes upon completion of transactions. *Ex. A at 10.*

**5.** Count V asks the Court to declare that "these notes are, again as a matter of routine financial industry custom, practice and/or policy sold into regular 'money' or 'securities' markets where they are traded…" and that the current owner is never disclosed to people like the Plaintiffs. *Ex. A at 10.*

**6.** Count VI requests a declaration that "the financial 'lending' institutions … are more sophisticated and in a better position to know and understand the inconsistencies in the law than 'borrowers'…" and that financial institutions take advantage of borrowers, wrongfully manipulate and control mortgage finance unfairly and keep consumers in the dark. *Ex. A at 10.*

**7.** In Count VII, the Plaintiffs ask for a declaration that mortgage note trading is so commonly known as to be hidden in plain sight from the average consumer and that such trading is subject to the Securities and Exchange laws of the United States, including SEC Rule 10(b)(5). *Ex. A at 11.*

**8.** Count VIII asks this Court to order that mortgage collection and foreclosure by Option One must cease until it can prove it is now and has at all times been the owner and holder in due course of the original note executed by the Plaintiffs and must submit to an accounting regarding its handling of the Plaintiffs' note. *Ex. A at 11.*

**9.** The Plaintiffs ask this Court to declare in Count IX that the Sherriff of Providence County is barred from allowing any eviction proceedings or enforcing any Sheriff's sale of December 5, 2007, or any other action until the accounting sought in Count VIII is completed. *Ex. A at 11.*

**10.** Finally, Count X seeks a declaration that the Defendants have engaged in a Racketeering conspiracy injurious to the Plaintiffs and have sought to use state processes including the Sheriff of Providence County "under Color of Law" to effect a taking in violation of the 5th and 14th Amendments to the United States Constitution. *Ex. A at 12.* Within this Count, the Plaintiffs again seek a general declaration that a "sale or purchase of any 'borrower's' or consumer of 'loan origination services,' however defined, is a sale or purchase of a security…" and failing to inform the borrower of how their signature and credit history will be used in marketing a security is theft of the consumer's identity. *Ex. A at 12-13.*

In short, Counts I, III, IV, V, VI, and X do not seek a declaration based upon a real controversy existing between the Plaintiffs and the Defendants, but rather, ask this Court to make generalizations about the "Financial Industry," its alleged practices and the laws that pertain to it. None of those Counts set forth any cognizable theory against the Defendants. Count IX actually seeks to preclude conduct of the Sheriff of Providence County, a non-party to this action. While Counts II, VIII, and X do seem to focus on the Defendants and not the "Financial Industry," those Counts fail to adequately plead any cause of action against the Defendants. None of these Counts are predicated upon a cause of action that provides an independent basis to invoke this Court's jurisdiction.

**B. Application to Stay Eviction & Other State Court/County Proceedings**

The Plaintiffs ask this Court in Count XI of their complaint to stay not only any eviction proceedings, but also, any other conceivable proceeding in State Court as between these parties. *Ex. A at 13.* The Plaintiffs base their request for a stay upon 28 U.S.C. §2283, which only permits this Court to enjoin a state court action when it is authorized by an act of Congress, necessary in aid of its jurisdiction or to protect or effectuate its judgments. The Plaintiffs argue

that the Court may enjoin any state court action here because it is in aid of this Court's jurisdiction and will protect this Court's power to effectuate any judgment it might render in the Plaintiffs' favor. *Ex. A at 13.*

In an apparent attempt to invoke the jurisdiction of this Court to enjoin state court proceedings, the Plaintiffs embark upon a five page, multi-paragraphed conclusory missive that indicates that this matter involves "Federal and State Questions" about securities laws, state registrations of mortgage notes, fair debt collection practices, racketeering, a taking in violation of due process, and the constitutionality of the mortgage lending and foreclosure process. *Ex A at 13 –17.* The Plaintiffs' shotgun style pleading offers these vague references to perceived federal issues in a talismanic effort to invoke this Court's jurisdiction without adequately providing a clear basis for the claims.

**C. <u>Complaint to Compel Agency Action</u>**

In Count XII, the Plaintiffs ask this Court to compel the Commissioner of the Securities and Exchange Commission take action to limit or modify an existing law or interpretation of a law that specifically exempts a mortgage note from the list of securities governed by the Securities and Exchange rules and to declare that securities include mortgage loans that are sold or purchased and are subject to SEC Rule 10b-5. While this Count makes various critical conclusory statements about the Defendants, it sets forth no claim for relief against them. Instead, it seeks inappropriately to have this Court compel a non-party, the Securities and Exchange Commission, to take action and make certain legal findings.

**D. <u>Violation of 15 U.S.C. §78i</u>**

The Plaintiffs claim in Count XIII that manipulation of security prices is forbidden by 15 U.S.C. §78i and that "when the Promissory Note was sold to someone else at a different price

then its face value…" it violated the statute. *Ex. A at 26-27.* The Plaintiff's presume that the promissory note at issue is a security covered by 15 U.S.C. §78i for purposes of Count XIII after candidly admitting in Count XII that it is not a security, and is instead "on a judicially crafted list of exceptions to the presumption that all notes are securities..." *Ex. A at 18.* This is, in fact, apparently why the Securities and Exchange Commission has declined to respond to the Plaintiffs complaints and why they now ask this Court to compel an agency response via Count XII. The Plaintiffs have also failed to adequately plead a violation of 15 U.S.C. §78i by failing to provide the specifics as to when they discovered the alleged manipulation as well as the facts that support their right to bring a suit under the statute.

**E. <u>Declaratory Judgment: Who is Agent & Who is Attorney? What is an Illegal Debt?</u>**

Although not set forth as a specifically numbered count, pages twenty-nine and thirty of the Plaintiffs' complaint appear to be intended as a separate count that seeks to advance a separate theory on which they claim entitlement to a declaratory judgment. *Ex. A at 29-30.* The Plaintiffs premise this Court's jurisdiction over this unnumbered count on 28 U.S.C. §1367, and apparently seek a declaration that that Option One and Deutsche Bank are engaged in the unauthorized practice of law and that the Law Offices of Nicholas Barrett & Associates has somehow assisted them in doing so. The unnumbered count fails to set forth a cognizable theory of recovery as against the Defendants and lacks sufficient specificity so as to give the Defendants notice of the nature of the claim advanced therein.

Against these facts, the Defendants now respectfully request that the Court enter an Order dismissing the Plaintiffs' complaint on all Counts for their failure to state a claim upon which relief can be granted and because this Court lacks subject matter jurisdiction over the declaratory judgment claims made in the complaint. In the alternative, should the Court determine that any

of the Plaintiffs' claims survive a motion to dismiss, those claims as plead are so vague and ambiguous so as to make it unreasonable for the Defendants to prepare a response, and therefore, the Defendants ask the Court to enter an Order requiring the Plaintiffs to provide a more definite statement of their claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## II. ARGUMENT

### A. Standard of review.

The Defendants file the instant Motion, in part, pursuant to Rule 12(b)(6) and seek dismissal of the instant action in lieu of answer. The standard of review on a motion to dismiss in lieu of answer is well-settled. First, this Court must take all well-pleaded factual averments as true. However**,** it "need not credit a complaint's 'bald assertions' or legal conclusions." *Shaw v. Digital Equipment Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)(citations omitted).* In judging the adequacy of a plaintiffs' allegations, "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation" carry no weight. *Puertorriquenos En Accion v. Herenandez, 367 F.3d 61, 68 (1st Cir. 2004); Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997).* Thus, Courts have noted that although "this standard is diaphanous, it is not a virtual mirage." *Berner, 129 F.3d at 25.* This Court's role is "to determine whether the complaint . . . alleges facts sufficient to make out a cognizable claim." *United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 224 (1st Cir. 2004) quoting Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002).*

The Plaintiffs' complaint must be dismissed pursuant to this standard because it fails to set forth cognizable claims as against the Defendants, but rather, is filled with the kind of unsubstantiated conclusions, bald assertions, and outright vituperation that carries no weight.

Moreover, they have failed to join in this action all of the parties against which they seek relief, including the Sheriff of Providence County and the Securities and Exchange Commission, requiring dismissal of their complaint.

**B. The Court lacks subject matter jurisdiction over the Plaintiffs' claims for declaratory judgment because the Plaintiffs fail to set forth a substantive right they claim as against the Defendants.**

Counts I, III, IV, V, VI, VII, and X ask for a declaratory judgment regarding certain generalizations about the "Financial Industry" and its alleged practices without setting forth any claims directed at the Defendants. Count II asks the Court to require the Defendants to prove they were given a loan. Count VIII seeks to prevent Option One from foreclosing or collecting on a mortgage until it accounts and shows it is a holder in due course of a loan. The unnumbered count at the end of the Plaintiff's complaint likewise seeks a declaration that the Defendants have engaged in or assisted in the unauthorized practice of law without providing a substantive right upon which to base that conclusion. None of these Counts are premised upon a right the Plaintiffs claim under a specified substantive Federal Law. The so-called Declaratory Judgment Act is a procedural mechanism for adjudicating existing rights and does not create a substantive right itself. *Western Cas. & Sur. Co. v. Herman, 405 F.2d 121, 124 (C.A. 8th 1968).* In this case, the Plaintiffs improperly advance their claims for declaratory judgment without attaching those claims to a substantive right they claim has been breached by the Defendants. Instead, they ask the Court to make general declarations about the customs and practices of an undefined "Financial Industry" or render conclusory declarations against the Defendants concerning the practice of law without attaching those requests to an alleged substantive right they may possess.

The Plaintiffs claims for declaratory judgment fail to provide this Court with subject matter jurisdiction because those claims fail to provide an independent legal right that the

Plaintiffs' possess under a federal law that entitles them to the declarations they seek. The Plaintiffs "must identify a statute or law of the United States on which their claims are based… [as] it is well settled that the Declaratory Judgment Act does not independently create jurisdiction." *Gem County Mosquito Abatement Dist. v. Environmental Protection Agency, 398 F.Supp.2d 1, 12 (D.D.C. 2005), citing Staacke v. U.S. Sec'y of Labor, 841 F.2d 278, 280 (9th Cir. 1988).* In *Gem County Mosquito Abatement Dist.*, the plaintiff sought a declaratory judgment against the Environmental Protection Agency that it did not require a permit to engage in certain activity. The plaintiff argued the United States District Court for the District of Columbia had subject matter jurisdiction based upon the fact that the Plaintiff raised a federal question. The court found the plaintiff's reliance on federal question jurisdiction misplaced, and dismissed the claim in part because the plaintiff failed to identify any independent substantive legal right under federal law to support its claims. In this case, the Plaintiffs likewise pin their claims on a claimed federal question without providing any specific substantive right that is at issue, and therefore, their claims for declaratory judgment must be dismissed.

**C. <u>The Plaintiffs' claims for declaratory judgment fail to state a claim upon which relief can be granted because they fail to establish an actual case or controversy.</u>**

The Counts of the Plaintiffs complaint for declaratory judgment that fail for want of subject matter jurisdiction likewise fail to set forth a claim upon which relief can be granted to the Plaintiffs because they fail to establish that an actual case or controversy exists between the Plaintiffs and the Defendants. The plain language of 28 U.S.C. §2201 permits the Court to declare the rights or other legal relations of any interested parties in cases of **actual controversy** that are within its jurisdiction. [emphasis added]. "[F]ederal courts will not grant declaratory relief in instances where the record does not disclose an 'actual controversy.'" *79 S.Ct. 178, 179,*

*358 U.S. 202, 203 (1958).* While the difference between an abstract question and an actual controversy is likely a matter of degree, the facts alleged must show that there is a substantial controversy between the parties who have adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment. *Id.* The Plaintiffs here have done nothing more than raise abstract questions about the "Financial Industry" as a whole that fail to properly establish an actual controversy as against the Defendants. In the absence of an actual controversy, the Plaintiffs' claims must be dismissed. *Operation Clean Government v. Rhode Island Ethics Commission, 315 F.Supp.2d 187, 193 (D.R.I. 2004), citing Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001).*

The fatal flaw in the Plaintiffs' claims for declaratory relief is that the Plaintiffs seek determinations about the application of particular laws to their conclusory statements instead of actually advancing any rights they may themselves possess. An actual controversy deals with specific relief delivered in a decree of a conclusive nature, and not an opinion that advises what the law would be in a hypothetical state of facts. *Calderon v. Ashmus, 118 S.Ct. 1694, 1698, 523 U.S. 740, 746 (1998).* In *Calderon*, a prisoner sought a declaratory judgment that answered the question as to which law would apply to the State of California's response in the event that he applied for a habeas writ. The United States Supreme Court observed that had the prisoner simply sought the habeas, he would undoubtedly have obtained the determination he sought. *Id.* However, the prisoner could not use a declaratory judgment action to determine what law would apply before he advanced his own rights. *Id.* The Plaintiffs here are likewise improperly asking this Court to declare what law applies to the "Financial Industry," mortgages, foreclosures and the like without actually advancing any rights that they may themselves possess.

It should be pointed out that interwoven into their claims for declarations regarding generalities and the application of law to postulated facts, the Plaintiffs ask the Court in Count X to determine that the Defendants have engaged in racketeering to effectuate a taking as against the Plaintiffs. *Ex. A at 12.* To begin with, the Plaintiffs have completely failed to properly allege a taking because a private individual's enforcement of a statutory right does not constitute state action. *McGuire v. Reilly, 386 F.3d 45, 60 (1st Cir. 2004).* Additionally, the Plaintiffs have not sufficiently plead a claim for racketeering, and therefore, fail to state a claim against the Defendants upon which relief can be granted. Under RICO, it is unlawful for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity…" *18 U.S.C. §1962(c).* Subsection (d) makes it unlawful for anyone to conspire to violate subsection (c). To state a claim under subsection (c), the Plaintiffs must establish each of the four elements required by the statute: 1). conduct, 2). of an enterprise, 3). through a pattern, and 4). of racketeering activity. *Feinstein v. RTC, 942 F.2d 34, 41 (1st Cir. 1991).* A claim under subsection (d) requires additional proof that each defendant "must have joined knowingly in the scheme and been involved himself, directly or indirectly, in the commission of at least two predicate offenses." *Id. at 41.* The Plaintiffs here do nothing more that conclusively state that the Defendants have engaged in a racketeering conspiracy without alleging any facts to support the elements necessary to prove such a claim.

Further guidance is found in the statute's definition section, §1961, which provides definitions of the pertinent terms. Racketeering activity is defined as any "act or threat" involving any one of a number of indictable offenses listed within the definition, including

bribery and extortion. *18 U.S.C. §1961(1).* The "enterprise" need not be a legal entity but can be merely a "group of individuals associated in fact," and the satisfaction of the statute's requirement of a "pattern of racketeering activity" involves proof of "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years … after the commission of a prior act of racketeering activity." *18 U.S.C. §1961(4) and (5).* Further guidance has been given through case law regarding both the terms "pattern of racketeering activity" and "predicate acts." Two mere racketeering acts "do not constitute a pattern simply because they number two or more." *Roeder v. Alpha Industries, 814 F.2d 22, 30 (1st Cir. 1987).* In order to constitute a "pattern", the two or more predicate acts of racketeering activity alleged must be separate acts that are both related and "amount to or pose a threat of continued criminal activity." *H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239, 109 S.Ct. 2893, 2900 (1989).* The Plaintiffs here have alleged no facts to support a single element of their claim of racketeering, and therefore, fail to state a claim upon which relief can be granted.

**D. The Plaintiffs' claims to compel agency action and to bar the Sheriff of Providence County from any eviction proceedings or enforcing a Sheriff's sale of December 5, 2007 must be dismissed for the Plaintiffs' failure to join persons needed for the just adjudication of those claims.**

Count IX of the Plaintiffs' complaint asks this Court to bar the Sheriff of Providence County from allowing any eviction proceedings or enforcing a Sheriff's sale that took place on December 5, 2007. Count XII asks this Court to compel the Commissioner of the Securities and Exchange Commission to take certain action to change existing law and to make certain administrative determinations concerning the Plaintiffs' foreclosed mortgage and note. However, the Plaintiff has not joined either the Securities and Exchange Commission or the

Sheriff of Providence County in this action and may not therefore advance these claims. In accordance with Rule 19(a) of the Federal Rules of Civil Procedure,

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action **shall be joined as a party** in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impeded the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

[emphasis added]. Here, the Plaintiffs' claims seek to compel or prevent conduct of entities that are not parties to this action and cannot be compelled to act or barred from acting without being made parties to this action. If this Court were to provide the Plaintiffs with the relief that they seek, such an judgment would compel the Securities and Exchange Commission to conduct an administrative hearing and may well reach the merits of how it interprets federal law in formulating its own rules. The office of the Sheriff of Providence County will likewise be hamstrung in the execution of its duties under Rhode Island Law in the event that this Court grants the relief that the Plaintiff seeks. Clearly, those parties have a deep interest in this matter and may well be completely prevented from protecting their own interests if this matter is allowed to proceed in their absence.

Subpart (b) of Rule 19 "delineates all of those persons who should be joined, including those whose joinder is not feasible and those who ultimately might be regarded as indispensable…" *Trombino v. Transit Casualty Company, 110 F.R.D. 139, 143 (D.R.I. 1986).* If the Court determines that "the case cannot 'in equity and good conscience' proceed without the presence of some one or more persons who should have been joined", the missing link is

indispensable and dismissal normally follows. *Id.* Here, when weighing equity and good conscience, it becomes inescapable that the matter may not proceed without the Securities and Exchange Commission and the Sheriff of Providence County since the relief sought is solely directed against them and so directly effects their ability to perform their own lawfully established functions.

In *Trombino,* the plaintiff brought a lawsuit in state court against its insurer after a fire destroyed the plaintiff's restaurant and the insurer failed to pay the plaintiff for the damages. The insurer removed the matter to the federal court based upon diversity jurisdiction and the matter proceeded until the insurer became insolvent and the provisions of the Insolvency Fund Act were triggered rendering coverage for the loss under a statutorily created pooled Fund. The plaintiff moved to add the fund over the insurer's objection. The Court determined that Fund was essential to the just and meaningful determination of the matter given that the insurer was insolvent and any judgment would be paid by the Fund. In further applying the subpart (b), it determined that there was simply no way for the court to fashion relief and avoid inevitable prejudice as a judgment in the absence of the Fund would be inadequate. *Id. at 145.* Here, the Plaintiffs' relief sought can only be directed to the Securities and Exchange Commission and the Sheriff of Providence County, and therefore, any judgment in their absence will be wholly ineffectual. This matter cannot proceed in their absence as they are indispensable parties, and therefore, the Plaintiffs' claims must be dismissed for nonjoinder of those parties. *Id. at 148.*

**E. <u>The Plaintiffs' request for a stay of the eviction and any other state court proceedings violated the Anti-injunction Act and otherwise fails to state a claim upon which relief can be granted.</u>**

The Plaintiffs ask this Court to enjoin eviction proceedings or any other state court proceedings in Count XI of their complaint. This Court's ability to stay or enjoin matters in the

state court has been circumscribed by Congress. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. §2283. While there are three exceptions explicit in this statute to the general rule that this Court may not enjoin state court action, none apply here. The Plaintiffs fail to set forth any Act of Congress that would permit this Court to stay proceedings in Rhode Island State Courts, and otherwise appear to acknowledge the lack of any such authority by instead relying on the second two exceptions. *Ex. A at 13.* However, neither of the remaining two exceptions apply.

The Plaintiffs advance their request for a stay pinning this Court's jurisdiction to do so on 28 U.S.C. §2283. *Ex. A at 13.* Thereafter, throughout Count XI, the Plaintiffs pay lip service to purported Federal and State questions they intend to raise in this matter in a conclusory manner and without adequately pleading any particular claim for relief under federal law to provide this Court with jurisdiction. As raised above, their conclusory references to federal laws does not supply this Court with federal question jurisdiction. Moreover, 28 U.S.C. §2283 is merely a limitation on this Court's equity jurisdiction and does not itself serve as a basis for jurisdiction. *Tyler v. Russel, 410 F.2d 490, 491 (10th Cir. 1969).* Therefore, the Plaintiffs have failed to provide a basis for this Court's jurisdiction to provide a stay of State Court action in the first place and cannot therefore claim that any stay they ask for is to support this Court's jurisdiction.

28 U.S.C. §2283 is as an absolute bar against this Court's enjoining State Court proceedings unless one of the three exceptions applies. *Burr & Forman v. Blair, 470 F.3d 1019, 1028 (11th Cir. 2006).* The purpose is grounded in federalism and is meant to avoid tension and preserve comity between the state and federal courts, and as such, the exceptions when "necessary in aid of its jurisdiction " and "to protect and effectuate its judgments" are narrowly

construed. *Id.* If there is any doubt "as to the propriety of a federal injunction against a state court proceeding" the doubt "should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy." *Bluefield Community Hospital, Inc. v. Anziulewicz, M.D., 737 F.2d 405, 408 (4th Cir 1984).* In this matter, the Plaintiffs' complaint is so deficient that it fails to provide this Court with subject matter jurisdiction over which to arrive at a judgment, and therefore, it cannot be said that staying State Court proceedings will protect or effectuate this Court's judgment. In short, the Plaintiffs request to stay State Court proceedings fails to state a claim upon which this Court can grant them relief and it must be dismissed.

**F. The Plaintiffs claim for a violation of 15 U.S.C. §78i fails to state a claim upon which relief can be granted because that statute does not apply to the mortgage and note at issue and the Plaintiffs have otherwise failed to properly plead the claim.**

Count XIII of the Plaintiffs' complaint alleges that Option One and Deutsche Bank manipulated securities prices in violation of 15 U.S.C. §78i (a)(1) and SEC Rule 10b-5 when a promissory note was sold at a different price then its face value. *Ex. A at 26-27.* As noted above, the Plaintiffs ask this Court to presume that the promissory note at issue is a security covered by 15 U.S.C. §78i for purposes of Count XIII after candidly admitting in Count XII that it is not a security, and is instead "on a judicially crafted list of exceptions to the presumption that all notes are securities..." *Ex. A at 18.* The pertinent portion of the statute on which the Plaintiffs base their allegations is as follows:

> (a) Transactions relating to purchase or sale of security
>
> It shall be unlawful for any person, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange--

> **(1)** For the purpose of creating a false or misleading appearance of active trading in **any security registered on a national securities exchange**, or a false or misleading appearance with respect to the market for any such security, (A) to effect any transaction in such security which involves no change in the beneficial ownership thereof, or (B) to enter an order or orders for the purchase of such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of any such security, has been or will be entered by or for the same or different parties, or (C) to enter any order or orders for the sale of any such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of such security, has been or will be entered by or for the same or different parties.

[emphasis added]. The Plaintiffs have completely failed to allege precisely how they claim this statutory provision was violated, and have likewise failed to explain how the note at issue qualifies as a security as defined in this section.

The First Circuit Court of Appeals has adopted the commercial versus investment test to discern whether a note is a security as envisioned in the Security Exchange Act. *See Futura Development Corporation v. Centex Corporation, 761 F.2d 33, 40 (1st Cir. 1985).* In doing so, the Court recognized "that Congress did not intend that all business transactions involving notes be viewed as a purchase and sale of a security" and that many notes, like mortgages, are already governed by other laws such as the Truth in Lending Act. *Id. at 39.*

> In deciding whether a note is a security, the court examines the size of the offering, whether there is, by necessity, reliance on the expertise of the issuer; the purpose of the issuer in executing the note and the payee in accepting the note; and the economic inducements held out to the prospect.
>
> Other considerations may also be relevant in a particular case such as: the degree to which the profit on the note is in the hands of the maker rather than the payee; whether the object of the holder was to acquire an interest in the property or enterprise; whether the note was primarily commercial because it was serving as a 'cash substitute' for the purchase price; and whether the return on the

> note was predetermined or could reasonably be anticipated, or was subject to the managerial efforts of the maker.

*Id. at 41.* In applying the above factors to the promissory note at issue here, it is clear that the note is not a security as its purpose was not for investment like a security but rather was for the purpose of allowing the Plaintiffs to purchase a home, was a cash substitute for the purchase price, was for a definite amount and the note's value was in no way dependent upon the entrepreneurial efforts of either the Defendants of the Plaintiffs.

In *Futura Development Corporation*, the court analyzed a promissory note that was exchanged between a buyer and seller concerning the purchase of a large tract of land for development using the commercial versus investment test to decide if the note was a security subject to the Securities and Exchange Act. In finding that the promissory note was not an investment security within the meaning of the Act, the Court noted that "the note was given as a result of a one-on one business negotiations", that the note was for a definite amount with a predetermined rate of interest, was a cash substitute for the sales price, and that its value was in no way dependent upon the entrepreneurial efforts of the parties. *Id.* The same conclusions are in order regarding the promissory note at issue in the Plaintiffs' complaint, and therefore, their claim for a violation of the Act fails to state a claim upon which relief may be granted.

Even if one were to look beyond the fact that the Act does not apply to the note at issue, the Plaintiffs' claim still fails as a matter of law because the Plaintiffs have failed to adequately plead a violation of the Act. In order to state a claim under SEC Rule 10b-5, the Plaintiffs must establish:

> (1) a material misrepresentation or omission; (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance, known as 'transaction causation' in cases involving public securities markets; (5) economic loss; and (6) loss causation, or a causal connection between the misrepresentation and the loss.

*Sekuk Global Enterprises v. KVH Industries, Inc., 2005 WL 1924292 (D.R.I. 2005), citing Dura Pharm., Inc. v. Broudo, 125 S.Ct. 1627, 1631, 161 L.Ed.2d 577 (2005).* The Plaintiffs must also comply with the heightened pleading requirements of providing particularity pursuant to Rule 9 of the Federal Rules of Civil Procedure. *Id.* A cursory review of the Plaintiffs complaint leads one to the inescapable conclusion that the Plaintiffs have completely failed to allege Count XIII with the required particularity, and as such, they have failed to state a claim upon which relief can be granted.

**G. To the extent that the Court determines that any of the Plaintiffs' claims survive, the claims are so vague and ambiguous that the Court must order the Plaintiff to provide a more definite statement in order to permit the Defendants a reasonable opportunity to respond.**

As detailed above, the Plaintiffs' claims in their complaint fail to identify any substantive rights to which they are entitled, seek general declarations about an undefined "Financial Industry", seek a determination that SEC law applies, seek to compel the SEC to either change the law or undertake some kind of administrative review, and seek a determination that some unauthorized practice of law occurred and/or was facilitated by a law office. Moreover, the Plaintiffs advance allegations of securities manipulation without providing the specificity required to support the allegations. In short, the Defendants are left with having to respond to a thirty-three page complaint filled with conclusory statements, postulating, generalizations and vague allegations of impropriety that are not tied to any discernable causes of action. The Defendants cannot reasonably be expected to respond to the Plaintiffs' complaint as it is presently constituted in light of its infirmities.

The Defendants ask the Court for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure because the Plaintiffs' complaint is "so vague or ambiguous"

that they cannot reasonably be required to frame a response to it. A more definite statement is required when, as here, the Plaintiffs' complaint fails to comply with the notice pleading requirements that underlie Rule 8 of the Federal Rules of Civil Procedure. *Wheelock v. State, 2006 WL 3391507, slip op. (D.R.I. 2006), citing Arruda v. Sears, Roebuck & Company, 273 B.R. 332, 340 (D.R.I. 2002).* The Plaintiffs here may not rely solely on their conclusory descriptions and subjective characterizations, as they are so vague as to fail to give the Defendants notice of the claims against them. *Id.* The Plaintiffs' complaint does nothing more than make general criticisms and observations regarding the "Financial Industry" as a whole and completely fails to provide the Defendants with any understanding of precisely what claims are being made against them. To the extent that any portion of the Plaintiffs' complaint survives the Defendants' motion to dismiss, the Defendants will remain in a position where they cannot ascertain precisely what the Plaintiffs' theories of recovery are against them and cannot therefore be expected to formulate an answer.

## III. CONCLUSION

This Court must dismiss the Plaintiffs' complaint in light of the fact that it is nothing more than an assembly of bald assertions, conclusory statements, and generalized postulating that wholly fails to make out any cognizable claims against the Defendants, fails to give this Court subject matter jurisdiction over the Plaintiffs' claims and fails to join all of the parties against which the Plaintiffs' presume to seek relief. The Plaintiffs' complaint is presented in such disarray so as to make it contrary to the sound requirements of a plain and concise pleading required in Rule 8 of the Federal Rules of Civil Procedure and make it impossible for the Defendants to understand the nature of the Plaintiffs' theories of recovery against them. It would be fundamentally unfair to allow this complaint to stand. This Court should not permit frivolous

and incomprehensible complaints like the Plaintiffs' complaint here when doing so completely negates the Defendants' ability to formulate a reasonable defense. The Defendants respectfully request that the Court grant their motion to dismiss the Plaintiffs' complaint, or, in the alternative, order the Plaintiffs to provide a more definite statement.

Defendants,
By their attorneys
CARROLL, KELLY & MURPHY

/s/Patricia A. Buckley

PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
Fax(401) 331-4404
pbuckley@ckmlaw.com

CERTIFICATION

I hereby certify that a true copy of the within document was mailed to **Donald W. Lovejoy, Pro Se,** 94 Sinclair Avenue, Cranston, RI 02907 and **Joanne M. Lovejoy, Pro Se,** 94 Sinclair Avenue, Cranston, RI 02907 on March 13, 2008.

/s/Patricia A. Buckley