EXHIBIT

A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

DONALD W. LOVEJOY
JOANNE M. LOVEJOY

**Plaintiffs**

v.

OPTION ONE MORTGAGE CORPORATION, President Bob Dubrish

LAW OFFICES OF NICHOLAS BARRETT & ASSOCIATES

DEUTSCHE BANK NATIONAL TRUST As TRUSTEE FOR ASSET SECURITIZATION CORPORATION

**Defendants**

**SUMMONS AND COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTION**

CA 08 32 ML

**CIVIL ACTION NUMBER:**

TRIAL-by-JURY DEMANDED for ALL ISSUES OF FACT and ALL MIXED QUESTIONS OF FACT and LAW

COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION

1. In this complaint, Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy are seeking declaratory judgment that foreclosures in Rhode Island are routinely processed statutorily illegal and without clean hands, and specifically in this case where the Defendants are operating contrary to established procedures in law.

2. Specially in this case, the foreclosure conducted by Defendants OPTION ONE MORTGAGE CORPORATION ( hereinafter: OPTION ONE ) and LAW OFFICES OF NICHOLAS BARRETT & ASSOCIATES ( hereinafter: The Law Firm ), and recently joined DEUTSCHE BANK NATIONAL TRUST as TRUSTEE FOR ASSET SECURITIZATION, ( hereinafter called DEUTSCHE BANK ) are illegal because these

"debt collectors" are seeking to enforce "contractual obligations" which provide rights only to "Holders in Due Course" of a mortgage note. In order to have standing in the foreclosure proceeding, they have to be holding the Mortgage Contract and the Promissory Note, in addition to have given Consideration in return for the note. Otherwise, they would be operating under color of law. The Plaintiffs sent a Qualified Written Request under RESPA to OPTION ONE, pointing out several errors, violations of RESPA, TILA and asked them to certify they were the Holders in Due Course, but OPTION ONE "stonewalled" and ignored the Request and moved forward in violation of Federal Law. Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy seek a declaration that OPTION ONE and The Law Firm is seeking to utilize unconstitutional customs, practices, and policies ( formulated and implemented between corporate actors government by inaction ), to deprive private persons of their property without due process of law.

3. The ongoing foreclosure action by OPTION ONE just got more confusing and involved. At this moment, I have no clue to who is trying to foreclose on the house we are supposed to own. We just got a letter from DEUTCHE BANK, as Trustee For ASSET SECURITIZATION CORPORATION ( hereinafter ASSET SECURITIZATION) claiming to be the owner of the property that is being foreclosed on by OPTION ONE.

4. It is obvious that all of the five entities having made claim to the property by now are not the Holder in Due Course and holding the Mortgage Contract and the Promissory Note.

5. It really makes one wonder; if it is true what some very prominent people in

industry and government are saying, that the whole system of mortgage lending is a scam where there is no money, no law, and whoever gets their hands on the property first get the "spoils". It gets extra confusing when the Federal Reserve Bank itself state in their own publication: "Modern Money Mechanics" ( please see enclosed excerpt copy of the book Modern Money Mechanics ) that banks are not loaning the customer any money of their own holdings, but create the money in the bank on the basis of having received a Promissory Note ( something of value called Currency according to Title 31 USC ) from the customer. Could it be that the customer funds his own loan? To sort all of this out, is an issue for the court.

6. Defendants OPTION ONE, DEUTSCHE BANK and The Law Firm are not genuine creditors, because none of them are actually holding the Mortgage Contract and the Promissory Note. Even if one of them were to hold the Contract and the Note, we have no clue to who it is, since they all claim they have it. They must be given the opportunity to prove who is holding the actual Mortgage Contract and the Promissory Note. The reason this must be proven, is that it is not uncommon after a foreclosure that another lending institution is contacting the borrower and are trying to foreclose again a year or so later. Evidently, the one that foreclosed the first time did not hold the Mortgage Contract and the Promissory Note, and therefore did it illegally.

7. When the eviction letter showed up from DEUTSCHE BANK, it creates another controversy. DEUTSCHE BANK claims to have ownership of the property in question. They have proven nothing. DEUTSCHE BANK has a track record of trying to foreclose on properties it has no ownership to / standing in the foreclosure action of. It is finally starting to show up in the courts.

8. On October 31, 2007, Judge Christopher A. Boyko, in United States District Court, Northern District of Ohio, Eastern Division, denied over fourteen foreclosure actions from DEUTSCHE BANK when they could not prove they had injury, holding the Note, standing in court or a lawful claim in the foreclosure action. ( Case numbers: 07CV2282, 07CV2532, 07CV2560, 07CV2602, 07CV2631, 07CV2638, 07CV2681, 07CV2695, 07CV2920, 07CV2930, 07CV2949, 07CV2950, 07CV3000, 07CV3029 ).

9. Judge Boyko was requiring DEUTSCHE BANK to demonstrate to the court that it was the Holder in Due Course and the owner of the Note and Mortgage Contract as of the date the complaint was filed. DEUTSCHE BANK could not, or would not do it. In the Order, the Judge stated: "Further, the Plaintiff bears the burden of demonstrating standing and must plead its components with specificity. *Coyne 183 F. 3d at 494; Valley Forge Christian College vs. Americans United for Separation of Church and State, Inc. 454 U.S. 464 (1982).*" The Judge further states: "The minimum Constitutional requirements for standing are: Proof of injury in fact, causation and redressability. *Valley Forge, 454 U.S. at 472.* In addition "the Plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coyne, 183 F. 3rd at 49.* To satisfy article III of the Constitution of the United States of America, the Plaintiff must show he has personally suffered some actual injury as the result of some illegal conduct by the Defendant. *Coyne, 183 F. 3rd at 494, Valley Forge, 454 U.S. at 472.*"

In the Opinion and Order of the Court, the Judge continues, " - - this Court is obligated to carefully scrutinize all filings and pleadings in foreclosure actions, since the unique nature of real property requires contracts and transactions concerning real property to be in writing. RC par. 1335.04." Ohio law holds that

when a mortgage is assigned, moreover, the assignment is subject to the recording requirements of RC par. 5301.25. Creager vs. Anderson (1934), 16 Ohio Law Abs. 400 (interpreting the former statute, GC par. 8543). Thus, with regard to real property, before an entity assigned an interest in that property, it would not be entitled to receive any distribution from the sale of the property. Their interest therein must have been recorded in accordance with law with the State. As an example in Ohio: *In re Ochmanek, 266 B.R. 114, 120 ( Bkrtcy. N.D. Ohio 2000 ) (citing Pinney vs. Merchants National Bank of Defiance, 71 Ohio St. 173, 177)"* These cases against DEUTSCHE BANK in Ohio was used as an example since Judge Boyko's ruling happened to be against DEUTSCHE BANK. There are many other rulings in other states speaking the same language. All states have similar laws on the books. Because of the Equal Protection Clause in the Constitution of the United States of America, these references can be claimed for protection anywhere in the country. As the Supreme Court puts it, "No person in a State, shall have any lesser protection than in any other State." Therefore, the Defendants must prove they are in possession of the Promissory Note / Mortgage Contract, prove both that they have something at risk, a loss and that they have standing in the action.

10. In this case, this Court has jurisdiction as a matter of federal question pursuant to 18 U.S.C. §1964(c), 28 U.S.C. §1343, 42 U.S.C. §§1981, 1983, SEC Rule 10b5, 15 U.S.C. §78i, and 5 U.S.C. §§701 et seq.

11. Venue is proper in the District of Rhode Island, because the transactions and

occurrences giving rise to this lawsuit took place in the District of Rhode Island, and the Defendant either has a place of business or does business in the District of Rhode Island, as do the Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy.

12. On or about December 5, 2007, the Defendant's attorney, LAW OFFICES OF NICHOLAS BARRETT & ASSOCIATES, conducted a foreclosure sale of Plaintiff's home and complicity with Recorder of Deeds Maria Wall [City of Cranston] and John Murphy [City of Providence]. And now, they have sold the property to DEUTSCHE BANK. It makes no sense. Option One has been compensated for the sale of the Note, and has no claim in this action.

10. This "non-judicial" foreclosure sale was of a type increasingly common and frequent, but nonetheless illegal, in the United States of America today, in which the foreclosing party merely "sells" the property to itself as a sham transaction to "clear title" to the property—which is to say that no economic nor equitable loss is actually recouped, no economic benefit nor equitable gain is actually achieved:

11. By this procedure, title is merely divested from the consumer/user by a non-owner, non-agent without standing to sue judicially, who is assisted by the City Clerk as an unknowing accomplice, under color of law to affect a taking of property for PRIVATE purposes without due process of law.

12. The format of the foreclosure sale was that The Law Firm foreclosed a note acting (ostensibly, but without genuine authority) on behalf of Defendant OPTION ONE.

13. Defendant OPTION ONE conducted a sale as part of its role as mortgage "servicer", after having refused to comply with the Federal Law and the Qualified Request under RESPA, did not even want to answer the question if they were the Holder

in Due Course, had something at risk and actually had the Mortgage Contract and Promissory Note in their possession. Please Note: A "servicer" must have proper Assignment papers and Power of Attorney in order to do anything more then collect monthly payments. It is the claim of this Plaintiff that OPTION ONE or DEUTSCHE BANK does not have these papers as of the date of the initiation of the foreclosure action. Therefore, the foreclosure action must be stopped.

14. As only the "servicer", it is obvious they are not the Holder in Due Course, they have nothing at risk, no standing in the foreclosure action and should be stopped from any further actions until they can prove they are the Holder in Due Course, a loss, something at risk and have standing in the foreclosure action.

15. In brief, Plaintiffs alleges and will show that OPTION ONE had no standing according to common law principles, UCC or statutes of contract assignment, in that they had neither (1) anything at risk, an equitable, nor a legal "stake" in the outcome, (2) OPTION ONE as assignee likewise can prove no ownership interest in Plaintiff's original Mortgage Contract or Promissory Note, either at the time of sale or at the present time, (3) If The Law Firm is aware of these facts, they are operating a fraudulent scheme for unjust enrichment on the behalf of the lending institutions. (4) the County Sheriff may unknowingly provide the "cover" or "color of law" for these illegal procedures.

16. This RICO conspiracy injures the Plaintiff and his private property, because of the use of the Power of the State of Rhode Island to enforce an illegal "taking" of Plaintiff's property without due process of law, also constitutes a violation of Plaintiff's civil rights through the Fifth and Fourteenth Amendments to the United States Constitution. This creates a Constitutional problem subject to the penalties of Misprision of Felony.

Finally, an investigation of the conduct and operation of OPTION ONE and The Law Firm in Rhode Island by the SEC is demanded as a matter of agency action wrongfully withheld pursuant to the Administrative Procedure Act, 5 U.S.C. §§701 et seq.

17. Plaintiffs herein, Donald W. Lovejoy and Joanne M. Lovejoy , joins a growing number of homeowners and other consumers who are revolting against this epidemic of theft in the United States by refusing to submit to a pattern of doing business which has been challenged in states from Rhode Island to Ohio to Texas.

18. When the Mortgage Contract and the Promissory Note was sold / assigned to the new alleged owner, it became a financial instrument subject to the rules and regulations of the Securities and Exchange Commission ( SEC ) and similar State Law of registration of Securities. Therefore, the court must determine if the lending institution has in their possession the proper registration papers for the Mortgage Contract and the Promissory Note. If not, they are in violation of State and Federal Law, and must be properly sanctioned.

**COUNTS I-X: DECLARATORY JUDGMENT re: FINANCIAL INDUSTRY PRACTICE**

19. Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy, reallege ¶¶1-18 of this Complaint and incorporates the same by reference as if fully copied and restated herein below.

20. Pursuant to 28 U.S.C. §§2201-2202, Plaintiffs alleges that the rights and legal relationship between themselves and the Defendants are unclear for each and every one of the following reasons, that there exists an actual case and controversy within the jurisdiction of this Court, and that Plaintiff is entitled to a declaratory judgment, as well as other and further necessary and proper relief to give the Plaintiff restitution and

damages based on this declaratory judgment, against the several commercial defendants, but specially against OPTION ONE, DEUTSCHE BANK and The Law Firm.

21. Count I: Plaintiffs alleges, and asks this Court either to take judicial notice, or to allow the parties fully to brief after discovery, and then to declare and adjudge, that it is a common, if not almost a universal, custom, practice, and/or policy in the financial industry ( and especially here in Rhode Island ) for a Bank or other lending institution to NEVER loan its own (bank) funds and ALWAYS to arrange or "originate" transfers of funds from other sources pursuant to the Chapter 4A.104 of the Uniform Commercial Code and as stated in the enclosed copy of the Federal Reserve publication, "Modern Money Mechanics." In which where the customer's Promissory Note triggers the funding of the loan, and thereby misrepresents this transaction as a "loan" for later purposes of collection and foreclosure of debts, so that the use of the term "loan" is always knowingly and intentionally misleading in consumer credit transactions.

22 Count II: Plaintiffs allege, and asks this Court to declare and adjudge, that the Defendants have not, or can not prove we were given a loan conforming to Blacks Law Dictionary standard of definition, but only facilitated a funds transfer, from the creation of the funds as stated in "Modern Money Mechanics".

23. Count III: Plaintiffs allege, and asks this Court to declare and adjudge, that the law of mortgage lending and foreclosure has never been reconciled with this financial industry reality, which was partially (but only partially) authorized and organized under parallel but independent and so unmodified legal schemata or regimes (e.g. the UCC), so that the law and practice of Mortgage Contract and Promissory Note origination and the law and practice of Mortgage Contract and Promissory Note collection and foreclosure

are out of synch, uncoordinated, and are in fact mutually incompatible with each other, especially (perhaps most obviously but not exclusively) here in the State of Rhode Island.

24. Count IV: Plaintiffs allege and asks this Court to declare and adjudge that, as a matter of financial industry custom, practice, and/or policy for Banks or Financial Lending Institutions such as OPTION ONE immediately and always (or almost always) sell the mortgage notes and other consumer credit notes created or "issued" by "borrowers" (such as Donald W. Lovejoy and Joanne M. Lovejoy) upon or at the completion of transactions ( such as the issuance of mortgage "notes" ) "originated" by "lenders" (such as OPTION ONE ). Count V: Plaintiffs allege and asks this Court to declare and adjudge that these notes are, again as a matter of routine financial industry custom, practice and/or policy sold into regular "money" or "securities" markets where they are traded, and that the current owner of the batch in which the note is, rarely if ever is known by the "originator" of the note (e.g. OPTION ONE ), and is never actually disclosed to the creator, grantor, or "issuer" of the note (e.g. Donald W. Lovejoy and Joanne M. Lovejoy).

25. Count VI: Plaintiffs asks this Court to declare and adjudge that the financial "lending" institutions (e.g. the commercial Defendants herein, excluding only Providence County Sheriff and City Clerk (Wall and Murphy) are more sophisticated and in a better position to know and understand both the inconsistencies in the law than "borrowers" (e.g. Donald W. Lovejoy and Joanne M. Lovejoy) and that the financial institutions take advantage of borrowers and wrongfully manipulate and control mortgage finance unfairly to disadvantage the consumer, who is kept in the dark and deprived of a full and complete understanding of the credit transactions upon which modern life depends.

26. Count VII: Plaintiffs asks this Court to declare and adjudge that mortgage note trading, as described above, is so commonly known in financial circles, even if "hidden in plain sight" from the average consumer, that such trading in mortgage notes (and other consumer credit notes) plainly IS and OUGHT TO BE at all times subject to the Securities and Exchange laws of the United States of America, including but not limited to SEC Rule 10(b)(5).

27. Count VIII: Pursuant to 28 U.S.C. §2202, by way of further relief, Plaintiffs asks this Court to declare and adjudge that mortgage collection and foreclosure by OPTION ONE must cease until these Defendants can prove that it is now, and has at all times been both the legal owner, or "holder in due course", and the equitable owner entitled to all benefit and enjoyment of the original note executed by Donald W. Lovejoy and Joanne M. Lovejoy, and that OPTION ONE must account for and explain the location of the original note if it is no longer in their possession, and must expose their books to audit and accounting regarding the handling of the Lovejoy note both as asset and liability in double entry accounting books.

28. Count IX: Pursuant to 28 U.S.C. §2202, by way of further relief, Plaintiffs asks this Court to bar the Sheriff of Providence County, Rhode Island, from allowing any eviction proceedings or enforcement of the Sheriff's sale of December 5, 2007, or any other action against Plaintiffs in this matter until a complete forensic examination of Donald W. Lovejoy and Joanne M. Lovejoy's original Promissory Note and account with the foreclosing lending institution can be made, and that Defendants be ordered and directed to treat the original mortgage and Promissory Note as evidence to be preserved and protected.

29. Count X: Accordingly, and finally, pursuant to 28 U.S.C. §2202, the court should declare and adjudge that the commercial defendants in this case, namely OPTION ONE, DEUTSCHE BANK and LAW OFFICES OF NICHOLAS BARRETT & ASSOCIATES and all their named attorneys attached to this case by signature, because they have been notified of wrongdoing, have engaged in a Racketeering conspiracy injurious to Plaintiffs in their property and business interests, and that they have and / or plan to simultaneously sought / seek unlawfully to use or invoke state processes, under Color of Law, including the services of the Sheriff of Providence County, to effect a taking of Plaintiff's property without due process of law in violation of the 5th and 14th Amendments of the Constitution of the United States of America. The Law Firm was put on Notice that there were errors, misrepresentations and flat out lies in the Mortgage Contract through the Qualified Request under REPA, which such Federal law they selected to "stonewall" and ignore as if they were above the law.

30. All Defendants should be permanently barred from ever foreclosing on any property absent proof that the foreclosing party is the Holder in Due Course, with full equitable and legal ownership of the original mortgage note, and that the owner has never sold or transferred the note for value (whole or partial sale) to any other party, including sale or transfer into a "mortgage bundle" or securitized pool or similar mortgages.

31. The Court should further and finally adjudge and declare that the sale or purchase of any "borrower's" or consumer of "loan origination services," however defined, is the sale or purchase of a security and that the failure to inform the "borrower" of how their signature and credit history will be used in formulating a marketable security constitutes a theft of the consumer's identity, including all intellectual property rights to his name

and life history (encapsulated in her or his "FICO" score).

**COUNT XI: APPLICATION TO STAY EVICTION & OTHER STATE COURT/COUNTY PROCEEDINGS:**

32. Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy, reallege ¶¶1-31 of this Original Complaint and incorporates the same by reference as if fully copied and restated herein below.

33. In conformity with 28 U.S.C. §2283, Plaintiff alleges and asks this Court to bar all Defendants in this cause from filing or pursuing any eviction action in Rhode Island State or Federal court ( or non-judicial or extra-judicial proceedings for eviction conducted with the assistance, aid, and/or comfort and/or knowledge of either the Providence County Sheriff's Department or the Cranston City Clerk's/Register of Deeds Maria Wall or City of Providence Clerk's/Register of Deeds John Murphy ) until ownership, possession, risk and loss is proven..

34. Such an injunction is expressly authorized under the so-called "Anti-Injunction Act" as well as elsewhere in law because it is both equitably allowed and necessary in aid of this Court's jurisdiction, especially but not limited to protect this Court's power to effectuate any judgment which this Court might render in favor of the Plaintiffs in this case.

35. The Federal and State Questions involving federal securities laws, State registration of Mortgage Notes and financial instruments, Fair Debt Collection Practices Act, and, yes, a massive scheme of deception by the Defendants and manipulation of business and property rights which can only be called "racketeering" are all quite sufficiently important to justify a stay or plain and simple barring of the foreclosure. Also the fact that collateral branches of parallel Rhode Island statutory law may conflict

with each other in the manner alleged and described above also poses a question of due process and equal protection of property rights under the Federal Civil Rights laws.

36. If Rhode Island Courts are routinely applying laws which are so contradictory as to be (when applied together) incomprehensible, this constitutes a situation where the Rhode Island statutory scheme governing mortgage lending, "debt" collection, "mortgage servicing", and foreclosure is (as a whole) void for vagueness as applied to each individual case and therefore unconstitutional.

37. 42 U.S.C. §1983 has been construed as expressly authorizing injunctions against state court proceedings where fundamental civil rights, such as the right to make and enforce contracts, the right to keep and own property, are being violated or infringed upon in violation of the 5th and 14th Amendments, for effecting deprivations of property without due process of law. ***Cf., e.g., Mitchum v. Foster***, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) and ***Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).**

38. Thus 42 U.S.C. §1983 and 28 U.S.C. §1343(3) provide alternative and additional but completely independent grounds for entry of injunctive relief staying any further proceedings, the fundamental reason being the preservation of this Court's jurisdiction to resolve all federal issues first, including but not limited to the constitutionality of a mortgage lending and foreclosure system which rests on incompatible and irreconcilable lines of statutory and case law.

39. Some mortgage companies have already been banned from operating in other states as consequence of clear Predatory Lending Practices. This is a clear indication that there is a problem. It has been the subject of adverse judicial decisions in several other

jurisdictions (including other Districts within the United States Court of Appeals for the Sixth Circuit), and the question remains whether any mortgage foreclosures should be allowed by any agent not in possession, with full legal and equitable ownership rights, of its "principal's" notes can be allowed under Rhode Island or any other State law.

40. OPTION ONE MORTGAGE CORPORATION has refused to answer Plaintiff's Qualified Request under RESPA, as required by Federal law, and a request demanding that they prove their rights and standing to collect a debt against the Plaintiff, nor have they proven possession of, and addressed the point that the original note is necessary for foreclosure.

41. OPTION ONE has not yet extended any settlement offer.

42. In the present case, Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy seek to "pierce the veil" of identity and show that possibly OPTION ONE may have an assignment of something, by someone and be assigned the right to be the servicer of a Mortgage Contract and Promissory Note they do not have in their possession. Because of this OPTION ONE or the other Defendants are not parties lawfully entitled to collect on the mortgage note or foreclose as a matter of law or equity because they do not have the note in their possession and have nothing at risk. Anything otherwise must be proven.

43. Loan originator was not a true creditor to begin with, and OPTION ONE have sold or transferred the note received from the originator, and are not even currently lawful "assignees" or agents of assignees with legal or equitable standing to collect the debt or foreclose,

44. OPTION ONE and DEUTSCHE BANK are merely acting as the Mortgage Servicer and may be representing the Current Mortgagee pursuant to a possible Mortgage

Servicing Agreement without any legal standing to sue.

45. Plaintiff's should not be required to litigate this case twice and simultaneously in two separate courts, and Plaintiff alleges that the federal forum is superior because of the Supremacy Clause and the need to resolve important issues of Federal Law, which would have to be simultaneously presented to and litigated in State Court if this stay is not granted.

46. A stay issued be a of State Court (or non-judicial) eviction proceedings by OPTION ONE or DEUTSCHE BANK will not irreparably damage or unreasonably prejudice Defendant OPTION ONE or DEUTSCHE BANK because they are represented by a law firm, which would in fact be better able to handle two parallel but independent litigations of the same issue, than Plaintiff, who is proceeding pro se, but in addition there are no issues, except the issue of immediate possession and foreclosure, which Defendants cannot litigate equally well in this court (if they have any defense to Plaintiff's claims at all).

47. The right to immediate possession and foreclosure is subordinate to all other issues in this case and should be resolved only as the final result of judgment in this case. It should be judged in favor of the Defendants if one of them can prove they are the Holder in Due Course, has possession of the Mortgage Contract and the Promissory Note, has something at risk and has standing in the proceedings by proving they have a financial loss. Otherwise it must be judged in the favor of Donald W. Lovejoy and Joanne M. Lovejoy..

48. In any event, as Rhode Island, Ohio, Texas and several other states as well as Federal law now stands, the inconsistent conduct and history of Defendants OPTION

ONE and DEUTSCHE BANK claims regarding possession, ability to control or locate the note raises "probable cause" to doubt Defendant OPTION ONE and DEUTSCHE BANK's claim that they both are the owner with full equitable and legal title to the note.

49. Until Defendants OPTION ONE and DEUTSCHE BANK can prove that one of them is legally and equitably entitled to foreclose, it should not be allowed to foreclose, and that is the only issue upon which a stay of state court proceedings will be disadvantageous to Defendant OPTION ONE and / or DEUTSCHE BANK.

50. Balancing the equities, a delay in the entry of a just foreclosure is and would be less injurious to OPTION ONE or DEUTSCHE BANK than the premature entry of an unjust foreclosure is and would be to the Plaintiff.

51. Parallel but independent proceedings regarding these issues are permissible under Justice Ginsburg's lucid opinion in ***Exxon Mobil Corp. v. Saudi Basic Industries Corp.***, 544 U. S. 280 (2005) but permitting parallel proceedings is both a waste of judicial resources and inequitable, because there are no issues which will not be presented in one court which can only be presented in the other; the supremacy clause and the possible challenges to Rhode Island statutory schemes as violative of Federal guarantees of due process and equal protection render the Federal forum may be the far superior choice if it fails in the other forum.

52. WHEREFORE, Plaintiff prays that this Court will grant Plaintiff's application and enter a Preliminary Injunction against the initiation of any and all State Court proceedings in by Defendants or any other attorney or agent on behalf of OPTION ONE or DEUTSCHE BANK until such time, as a final decision against Plaintiff has been rendered by this Court and upheld by the United States Court of Appeals.

**COUNT XII: COMPLAINT TO COMPEL AGENCY ACTION PURSUANT TO 5 U.S.C. §§702, 706(1):**

53. Donald W. Lovejoy and Joanne M. Lovejoy, hereby reallege the material factual statements and legal contentions contained in ¶¶1-53 above and incorporates the same by reference as if fully recopied and restated herein below.

54. Certain Federal Courts have held that a mortgage note is itemized on a judicially crafted list of exceptions to the presumption that all notes are securities (which is, after all, the statutory language enacted by Congress, in a field which Congress acted in an earlier national emergency, not entirely dissimilar from the one currently facing the United States today).

55. The present Plaintiffs asks the United States District Court to revisit and reconsider that decision in light of the economic reality that ALL securities are notes or debt instruments, of one sort or another, and that the EXCLUSION of the largest single type or category of notes or debt instruments from the reach of Federal Securities regulation at a time when the securities markets are collapsing or at least requiring massive Federal bailouts due to speculation in mortgage-backed securities or collateral-based obligations is simply irrational and unconscionable

56. Plaintiffs asks this court to declare and adjudge that all securities sold or purchased in the United States, including mortgage loans, must be regulated and subject to securities regulation pursuant to SEC Rule 10b-5.

57. Plaintiffs herein below also alleges violations of 15 U.S.C. §78i, but the Commissioner of the Securities and Exchange Commission has failed and refused to take any action to limit or modify this "judicially crafted list of exceptions" which excludes

mortgage notes from securities regulation and scrutiny, despite the fact that these notes lie at the foundation of an enormous trading industry in "Mortgage Backed Securities" and "Collateral Backed Obligations."

58. Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy's Mortgage Note, given as collateral security to the original mortgage provider, prays that this Court will order Mr. Christopher Cox, the Chairman of the Securities & Exchange Commission, to appear and answer and show why he should not be ordered to enforce SEC Rule 10b-5 in regard to mortgage notes, which constitute the rock-bottom assets underlying the mortgage-backed securities.

60. The nation has been rocked over the past several months, because of the collapse of the mortgage backed securities and collateral backed obligations market.

61. Plaintiffs submits that the inaction of the Chairman of the Securities & Exchange Commission throughout the growth and development of this highly publicized market in Mortgage Backed Securities or Collateral Based Obligations constitutes a failure to act which constitutes either final agency action within the meaning of 5 U.S.C. §704 in that there may be no agency procedure or higher level administrative action open to the Plaintiffs, nor is there any other adequate remedy through regulation in any court, and the SEC's refusal to act to reform the "judicially crafted list of exceptions" (which just happens to exclude the entire creation/mortgagor end of the mortgage backed securities market, and therefore the entire basis for the current "Wealth of Nations", at least in the United States of America) is therefore subject to judicial review, for which Plaintiffs herein now sues.

62. The reason for the nationwide collapse is simple: predatory lending practices such

as those of OPTION ONE and DEUTSCHE BANK have led to higher default and foreclosure rates than were known during the Great Depression of the 1930s, and confidence in the financial "unreality" of the mortgage backed securities market has been eroded internationally.

63. Plaintiff asks this Court to take judicial notice of at least two academic or professional trade books authored and/or edited by Frank J. Fabozzi, namely "Mortgage-Backed Securities: Products, Structuring, and Analytical Techniques" published by John Wiley & Sons of Hoboken, New York, in 2007, and also of a larger edited collection, "The Handbook of Mortgage-Backed Securities: Sixth Edition" published by McGraw-Hill of New York, Chicago, and San Francisco in the United States in 2006, and reserves the right to supplement and amend this case with the above stated publications.

64. OPTION ONE and DEUTSCHE BANK, is listed in these books as among the top "players" along with the Bank of America and others, in the issuing, and sale, and receiving assignments of "Mortgage Backed Securities" and "Collateral Backed Obligations" in the United States of America during the past twenty years.

65. The creation of mortgage backed securities is based upon, consists of, and requires the INTRINSIC FRAUD of selling the mortgage notes created by private parties as "derivative" securities without compensation or reward to the grantors of the mortgage notes. This is "derivative" theft and the Plaintiffs did not knowingly assignee the rights of such a note to any one else but the original Mortgage provider.

66. Plaintiff asks this Court to take judicial notice of the news regarding the widespread sale of mortgage notes---and whether this is constitutionally consistent with the requirement that a Holder in Due Course is the only party entitled to enforce a note,

as a matter of due process and Fifth Amendment taking of private property; Plaintiff further demands that the Court order the Commissioner of the Securities and Exchange Commission to take action to stop this fraud by derivative theft.

67. The Plaintiffs will produce at trial the expert witness of at least one broker in mortgage backed securities and collateral backed obligations who will testify regarding the need for regulation of the creation of these assets.

68. Who is it that really creates the assets? It is the people of the United States who are slowly being enslaved and their private property rights destroyed as a result of the false monetary system, lack of oversight on the U.S Government's part resulting in a runaway mortgage and banking system operating above the law.

69. "Mortgage Backed Securities" and "Collateral Backed Obligations" could not exist if people such as the Plaintiffs had not disclosed their life histories (abstracted as "FICO" credit scores) and given their signatures.

70. Why are the creators of the wealth of this nation being deprived of the ownership of their labors? When the MORTGAGE NOTE was sold on the open market, why was the Plaintiffs ( individually and as a assignee ) not informed and rewarded? Why is it that OPTION ONE and now DEUTSCHE BANK is being allowed to institute foreclosure proceedings on the same property in question when no effort has been put forth to prove they are the actual owners.

71. Every time a mortgage backed security or collateral backed obligation is sold and securitized based on their life histories and signatures, the Plaintiffs ( individually and as a assignee ) received not a single penny. This is theft by derivation without consent.

72. The Plaintiffs are the assignees and has the right to recover the wealth DERIVED

from their life histories and signatures by the creation and placement of the mortgage backed securities in to the market.

73. Plaintiff now ask the Christopher Cox, Chairman of the Securities & Exchange Commission pursuant to the Administrative Procedure Act and demands that the SEC to take action so that these wrongs can be righted.

74. The Plaintiffs have sent a Qualified Written Request, under RESPA to the Law Firm and OPTION ONE with no answer from either one as required by Federal Law.

75. Violations of SEC Rule 10b-5: The Plaintiffs files their Claim for Violations of SEC Rule 10b-5 in connection with the fraudulent and manipulative devices utilized by Defendants OPTION ONE, DEUTSCHE BANK and the Law Firm.

76. When a Mortgage company such as OPTION ONE or DEUTSCHE BANK receives a NOTE from the Mortgagors such as Donald W. Lovejoy and Joanne M. Lovejoy, it receives a tangible and marketable asset, namely a SECURITY ( whether "security" be defined as a right to receive funds without provision of labor, goods, or services, or pursuant to the Uniform Commercial Code, and corresponding State Law, as adopted in Rhode Island relating to "secured" transactions such as a purchase money mortgage ).

77. The Plaintiffs alleges that Defendants OPTION ONE and DEUTSCHE BANK regularly purchase or otherwise "acquire" ( by a fraudulently induced "grant" in exchange for a non-existent loan ) or "originate" notes such as that given by Donald W. Lovejoy and Joanne M. Lovejoy and that Defendants OPTION ONE and DEUTSCHE BANK then sell such acquired or originated notes in commerce either separately or in securitized bundles as publicly traded assets on public and open securities markets

without providing any actual notice or meaningful credit ( for the sale of their notes ) to the issuers, grantors or creators of such notes, such as Donald W. Lovejoy and Joanne M. Lovejoy.

78. Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy moves and requests that this Court declare and adjudge that for any party other than a Holder in Due Course trying to foreclose of a Mortgage Note is circumvention of the law with full knowledge. By Blacks Law, 5th Edition, this meets the definition of operating under Color of Law. This illegal collection or enforcement of an alleged "debt" falls within the meaning of the Federal R.I.C.O. statute 18 U.S.C. §§1961 *et seq*.

78. For all these reasons, both within the meaning of the securities and racketeering laws of the United States, it is a material fraud upon Donald W. Lovejoy and Joanne M. Lovejoy, for Defendant OPTION ONE, DEUTSCHE BANK and the Law Firm, to act as though they are still the legal and equitable owners of the Plaintiff's note, when they are not.

79. Unless Defendant OPTION ONE and DEUTSCHE BANK can prove that, as of the date of the filing of the foreclosure action, it was the legal and equitable owner of the original Mortgage Contract and the Promissory Note, with full legal and equitable rights to foreclose under Rhode Island law, Defendants are still engaged in actual fraud and misrepresentation. ( This fraud is becoming more obvious since there are lawyers involved, and lawyers are required to know the law in the area they practice. If they do not know the law in the area they venture, they are supposed to recuse themselves. An attorney misrepresenting the law on the behalf of the client makes him equally responsible for the crime. )

80. By selling and securitizing the note given by the Plaintiffs as a publicly traded security available on an open and public securities market internationally, they have already recovered (i.e. been paid fair market value) any investment it had made in the note, and accordingly OPTION ONE and DEUTSCHE BANK has no "injury standing" or "personal stake" (as a "corporate person" within the meaning of the 14th Amendment).

81. Despite Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy's repeated requests that Defendants (acting by and through their named attorneys ) prove and demonstrate their claim, Defendant OPTION ONE, DEUTSCHE BANK and the Law Firm refused to produce or even state whether they possess either the original "physical" note, and have refused to claim or assert, in response to Plaintiff's repeated offers to settle, that ANY of the Defendants can demonstrate continuous ownership, much less continuous actual or constructive "possession" of the note during the period September 2005-December 2007 when the note foreclosure and sale process took place.

82. The Plaintiff was mislead in to believing they were required by law to sign over the Promissory Note and the Mortgage Contract to OPTION ONE.

83. The Plaintiffs was mislead in to believing the Promissory Note was a Debt Instrument and not an asset as defined under Title 31, USC. as currency ( money ).

84. The Commissioner of the Securities & Exchange Commission is uniquely well-situated to enforce the securities laws of the land, and to challenge judicial interpretations which are disjunctive with the intent and purpose of the law, including the "judicially crafted list of exceptions" to the clear intent of Congress in enacting the Securities laws.

85. This list of "judicially crafted exceptions" is plainly and absolutely WRONG and should be modified or changed, and plaintiff makes this plea to change or alter existing

law as provided for within the provisions of Rule 11 allowing parties to seek the modification, extension, or revision of existing law.

86. Specifically, Donald W. Lovejoy and Joanne M. Lovejoy seeks a judicial order and declaration first to extend, modify, or reverse existing law and establish new law by declaring and adjudging that all mortgage notes are covered by the Securities Laws of the United States and second - -

87. - - that the Court compel agency action in conformity with this declaratory judgment and find that such agency action has in fact been unlawfully withheld or unreasonably delayed, within the meaning of 5 U.S.C. §706(1), to enforce the provisions of SEC Rule 10b-5 and 15 U.S.C. §78i in regard to deceptive and manipulative devices in the mortgage value or price of securities based, derived, or connected with bundles of FICO-graded mortgage securities, with neither notice nor payment to the original grantors of the notes, nor any notice or disclosure to these ( mostly unsophisticated consumer grantors ) of their ( the consumer's) role in the creation of wealth and issuance of securities.

88. WHEREFORE, Donald W. Lovejoy and Joanne M. Lovejoy pray that this court, pursuant to 5 U.S.C. §706:

(1) compel agency action in regard to unlawfully withheld or unreasonably delayed action (namely a challenge to the judicially crafted list of exceptions which excludes a vast source of securitized wealth traded in securities markets from securities regulation and scrutiny, namely, the creation of wealth by and through the grantors of mortgage notes); and

(2) hold unlawful and set aside agency action, findings, and conclusions found to

be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity (including the 5th Amendment right to own property and have no property taken except by due process of law);

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right and power;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court;

(G) grant all such other and further relief as may be, just, appropriate and necessary to effectuate the intent of Congress in enacting 15 USC §78i and authorizing the legislation underlying SEC Rule 10b-5.

89. Plaintiffs ask that the court enter all such other and further supplementary relief, including supervisory relief over the enforcement of its order in Plaintiff's favor in this case, in addition to full declaratory and injunctive relief, and all such other and further relief to which the Court may find the Plaintiff justly entitled at law or in equity.

**COUNT XIII: VIOLATION OF 15 U.S.C. §78i**

90. Plaintiff Donald W. Lovejoy and Joanne M. Lovejoy reallege ¶¶1-94 and incorporates the same by reference as if fully copied and restated herein below.

91. The manipulation of security prices is forbidden by 15 U.S.C. §78i(a)(1) and (5).

When the Promissory Note was sold to someone else at a different price then its face value on the Promissory Note, it is a violation of the above stated statute.

92. As explained and analyzed in the Frank J. Fabozzi "learned texts" cited above (cf. FRE 803(18), adjustable rates affect the value and marketability of mortgage backed securities and collateral backed obligations, and the failure of OPTION ONE to disclose its intention to sell the Lovejoy Note ( from whom OPTION ONE "purchased" / "acquired" some interest in a note and "sold" much of that same note to other parties in the securities market ), constitutes a violation of 15 USC §78i(a)(1).

93. Further, Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy are gives express standing under 15 USC §78i(a)(5).

94. If Plaintiff's factual allegations regarding the true explanation for the whereabouts of the OPTION ONE note between its status as of September 2005 and May 2007, constitutes another and further deceptive and manipulative device, scheme to manipulate the price or value of the note as security, illegal commissions by non-reporting and other violations Truth in Lending Act. ( not to mention one or more untrue statements of material facts or omissions of necessary material facts ) in full and plain violation of 15 U.S.C. 78i (a) (1) and 15 U.S.C. §78i (a) (5). The court must allow the submission of the Forensic Audit of the Mortgage Contract when it becomes available to prove the errors, omissions, misrepresentations and plain lies.

95. Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy notifies the court and now files this Count XIII of this Complaint pursuant to 15 U.S.C. §78i(e) of the Securities and Exchange Act of 1934.

96. Few if any ordinary, unsophisticated "borrowers" realize the difference between

OPTION ONE and DEUTSCHE BANK'S falsely stated claim of being an alleged "lender" ( "Grantee" of a consumer note in exchange for being a "grantor" of cash ) and OPTION ONE and DEUTSCHE BANK'S true role as a "transfer originator" under the UCC and / or equivalent State law.

97. Few if any "borrowers" will realize that the disjunction in money transfer origination laws and mortgage note collection laws (which depend on both legal and equitable ownership of mortgage notes by a sole, collecting "Holder in Due Course" ) render OPTION ONE and DEUTSCHE BANK as unfit to collect on mortgage notes which it "originated" but later sold, utilizing an other entity as the strong-arm collector of the illegal debt. When the collection / foreclosure are moved to the next level by engaging the police by the Force of Arms to execute the unlawful eviction, it qualifies under the Patriot Act as Financial Terrorism. (a more in debt explanation to be supplied later ).

98. Donald W. Lovejoy and Joanne M. Lovejoy allege and submits that the securitization of mortgage notes intended for sale on public securities markets by mortgagees is a deceptive and misleading device, scheme, and artifice to defraud mortgagors such as ourselves, in violation of Rule 10b-5, and that Defendant OPTION ONE and DEUTSCHE BANK must be held liable for violations of the securities laws of the United States, including SEC Rule 10b-5.

## DECLARATORY JUDGMENT: WHO IS AGENT & WHO IS ATTORNEY? WHAT IS AN ILLEGAL DEBT?

99. Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy realleges the material allegations and legal contentions of ¶¶1-98 as if the same were fully copied and restated herein.

100. OPTION ONE acts as "agent" for an undisclosed (and perhaps unknown) actual buyer, without either a formal designation of agency or power of attorney.

101. Pursuant to its supplemental jurisdiction to construe and answer questions of State law pursuant to 28 U.S.C. §1367, where inextricably intertwined with the Federal Questions providing this court with jurisdiction as alleged above, Plaintiff's asks the court to declare and adjudge that OPTION ONE and DEUTSCHE BANK, as a corporate entity, is engaged in the unauthorized practice of law by acting as a freelance agent for an unknown party and other alleged mortgage "creditors", and that OPTION ONE cannot hide its own activities within the unauthorized practice of law behind the Law Firm, who are ethically and legally bound as attorneys to report OPTION ONE'S unauthorized practice of law.

102. Furthermore, pursuant to this Court's equitable power under 28 U.S.C. §§2201-2202 and 18 U.S.C. §1964(c), Plaintiff asks that the Court extend, modify, or reverse existing law and establish new law by declaring and adjudging that Defendant OPTION ONE is a racketeer influenced and corrupt organization, and that the definition of "unlawful debt" contained in 18 U.S.C. §1961(6)(b) should be expanded interpreted and construed to mean "**the business of lending money or a thing of value....**where collection of that debt routinely depends upon fraudulent misrepresentation of facts

**DECLARATORY JUDGMENT:**
**WHO IS AGENT & WHO IS ATTORNEY?**
**WHAT IS AN ILLEGAL DEBT?**

99. Plaintiffs Donald W. Lovejoy and Joanne M. Lovejoy realleges the material allegations and legal contentions of ¶¶1-98 as if the same were fully copied and restated herein.

100. OPTION ONE acts as "agent" for an undisclosed (and perhaps unknown) actual buyer, without either a formal designation of agency or power of attorney.

101. Pursuant to its supplemental jurisdiction to construe and answer questions of State law pursuant to 28 U.S.C. §1367, where inextricably intertwined with the Federal Questions providing this court with jurisdiction as alleged above, Plaintiff's asks the court to declare and adjudge that OPTION ONE and DEUTSCHE BANK, as a corporate entity, is engaged in the unauthorized practice of law by acting as a freelance agent for an unknown party and other alleged mortgage "creditors", and that OPTION ONE cannot hide its own activities within the unauthorized practice of law behind the Law Firm, who are ethically and legally bound as attorneys to report OPTION ONE'S unauthorized practice of law.

102. Furthermore, pursuant to this Court's equitable power under 28 U.S.C. §§2201-2202 and 18 U.S.C. §1964(c), Plaintiff asks that the Court extend, modify, or reverse existing law and establish new law by declaring and adjudging that Defendant OPTION ONE is a racketeer influenced and corrupt organization, and that the definition of "unlawful debt" contained in 18 U.S.C. §1961(6)(b) should be expanded interpreted and construed to mean **"the business of lending money or a thing of value....**where collection of that debt routinely depends upon fraudulent misrepresentation of facts

which constitute either mail fraud, wire fraud, financial institution fraud, or fraud arising from the denial of the intangible right to honest services within the meaning of 18 U.S.C. §§1341, 1343, 1344, and 1346."

103. The Plaintiffs asks this Court to declare and adjudge that the Law Firm, as attorneys at law, have knowingly assisted OPTION ONE in the unauthorized practice of law, and have also aided and abetted a pattern of racketeering activity involved in the collection of unlawful debts.

104. Summary Prayer for Relief: Plaintiffs moves and requests the entry of final declaratory judgment in their favor, the entering of permanent injunctions against all Defendants, and all costs of suit, including attorneys fees.

105. Plaintiff reserve the right to amend and supplement the complaint with evidence of wrongdoing forthcoming from Forensic reports / Audits of the Mortgage Contract and the Promissory Note to its compliance with the Truth in Lending Act ( TILA ) and the Real Estate Settlement Procedures Act ( RESPA ).

## JURY DEMAND and FINAL PRAYER FOR RELIEF

## (Claim based on the above stated facts, upon which relief can be granted)

1. As a preliminary and urgent matter, Plaintiffs pray that this Court will enter a STAY of all proceedings which have been or might be initiated by way of eviction or further proceedings (either judicial or non/extra-judicial) against the Plaintiffs by any of the private commercial defendants and/or involving the services of the Sheriff or Cranston City Clerk/Register of Deeds Maria Wall or Providence City Clerk/Register of Deeds John Murphy invoked under color of law in violation of 42 U.S.C. §§1983, 1988(a), and to preserve the jurisdiction and power of this Court to resolve all issues, as allowed under 28 U.S.C. §2283, and 42 U.S.C. §§1983 & 1988(a).

2. Plaintiffs ask that as a second choice the Court will set this Complaint against Defendants OPTION ONE, DEUTSCHE BANK, ( and including any or all of its involved affiliates, parents, successors-in-interest, subsidiaries, or assignees of any kind ), LAW OFFICES OF NICHOLAS BARRETT & ASSOCIATES, and all individual attorneys named herein actively on this case, **for final trial-by-jury, demand for which is hereby made in accordance with the Seventh Amendment to the United States Constitution, Rule 38(b) of the Federal Rules of Civil Procedure and all other applicable rules, as well as 28 U.S.C. §§1861 *et seq.*.**

3. Plaintiff prays that the Court will compel agency action as follows:

4. that the Securities and Exchange Commission will clarify that mortgage notes are securities subject to ALL relevant securities laws and regulations;

5. and that the Securities and Exchange Commission will clarify that it is fraud

within the meaning of the act to fail to inform mortgage note MAKERS/GRANTORS of the securitization of their notes, and of the money which banks will make regarding the sale of securitized mortgages;

6. and that the Securities and Exchange Commission will clarify that makers of securitizable mortgage notes or collateralized assets used as the basis of securities are entitled to just and fair (market value) compensation for the assets which they create;

7. and that any person who purchases or otherwise acquires securities, including mortgage notes, is entitled to a full accounting of the sale and securitized transfer history of each note;

8. that no mortgage note security which has been sold on and into the securities market may be sold until and unless such full accounting is provided to the maker/grantor of each note;

9. that the failure to account openly and honestly to the maker/grantor of any note which is subsequently securitized and marketed for profit amounts to a conversion and theft of the amount of the accounting from the original maker/grantor of each note, including the notes granted by Donald W. Lovejoy and Joanne M. Lovejoy Defendants to OPTION ONE and DEUTSCHE BANK.

10. Plaintiffs further pray that Defendants OPTION ONE and DEUTSCHE BANK, an additionally Providence County Sheriff, Cranston City Clerk Maria Wall, and Providence City Clerk John Murphy and Christopher Cox, Chairman of the Securities & Exchange Commission, all be required to appear, and testify to this Original Complaint pursuant to the Federal Rules of Civil Procedure.

11. Notice of Lawsuit and Requests for waiver of service of summons prepared

pursuant to FRCP Rule 4(d) will be served upon all parties to the suit.

12. Upon final trial-by-jury, Plaintiffs reserve their right to seek restitution and damages pursuant to SEC Rule 10b-5, for securities fraud, as well as RICO, and prays that we will have all our actual, consequential, and special damages as well as our actual damages from securities price manipulation in violation of 15 U.S.C. §78i(a)(1)-(5).

13. Plaintiffs further pray for entry of declaratory judgment in their favor pursuant to 28 U.S.C. §2201-2202 as requested in Counts I-XIII of this Original Complaint above.

Signed and submitted on this Monday, January 23, 2008.

RESPECTFULLY SUBMITTED,

1. Donald W. Lovejoy 2. Joanne M. Lovejoy

**DONALD W. LOVEJOY & JOANNE M. LOVEJOY,**
**Plaintiffs, *pro se***

94 SINCLAIR AVENUE
CRANSTON, RHODE ISLAND, 02907
Telephone: (401) 270-9655
e-mail: donlovejoy@cox.net

State of Rhode Island )

ss.

County of Providence )

On 1/23/2008, before me, a notary, personally appeared Donald W. Lovejoy & Joanne M. Lovejoy [X] personally known to me, or [ ] proved to me on the basis of satisfactory evidence, to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity, and that by their signature on the instrument the person or entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Jean Vallone
NOTARY PUBLIC SIGNATURE

8/16/2011 Commission Expires